■ Isaac Goldman, Appellant, v Sam G. Frankel et al., Defendants, and Song Peng Tang, Respondent. [773 NYS2d 602]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ruditsky, J.), dated February 25, 2003, as granted the motion of the defendant Song Peng Tang for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated against the respondent.

The defendant Song Peng Tang failed to make a prima facie showing that the plaintiff did not sustain a serious injury within

the meaning of Insurance Law § 5102 (d). The examining orthopedist and neurologist submitted affirmations indicating, inter alia, that they reviewed the MRI report of the plaintiff's knee, which revealed the existence of a torn meniscus. However, both physicians failed to demonstrate that such injury was not causally related to the subject motor vehicle accident, or that it was not serious within the meaning of Insurance Law § 5102 (d) (*see Franca v Parisi,* 298 AD2d 554 [2002]; *Papadonikolakis v First Fid. Leasing Group,* 283 AD2d 470 [2001]). Therefore, we need not consider the sufficiency of the plaintiff's opposition papers (*see Mariaca-Olmos v Mirzrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the motion for summary judgment. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.